**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL CASTELLANOS-GONZALEZ; ALEJANDRA MARIA GULARTE DE CASTELLANOS; et al., | No. 06-74792 |
| Petitioners, | Agency Nos. A098-445-312<br>A098-445-313<br>A098-445-314<br>A098-445-315<br>A098-445-316 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Raul Castellanos-Gonzalez ("Raul"), his wife Alejandra Maria Gularte De

Castellanos, and their three children, natives and citizens of Guatemala, petition

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that petitioners did not establish past persecution on account of a protected ground, because they did not establish that the people who attempted to kidnap Raul and threatened him over the phone actually imputed a political opinion to him. *See id*. at 1489-91. Substantial evidence also supports the BIA's conclusion that petitioners did not establish an objectively reasonable fear of future persecution on account of a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (noting that personal retribution is not persecution). Accordingly, petitioners' asylum claim fails.

Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of petitioners' CAT claim because they failed to demonstrate it is more likely than not they will be tortured if returned to Guatemala. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

Finally, petitioners' contention that the BIA violated their due process rights by providing a "rote recitation" of the IJ's opinion and by failing to consider their individual situation is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**